

Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'09 AUG 14 13:04USDC-ORP

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **AMY DALEY,** | Case No.: **CV '09    946    ST** |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692) ; INVASION OF PRIVACY |
| **A & S COLLECTION ASSOCIATES, INC.,** | |
| Defendant | DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's

violations of the following provisions, resulting from abusive behavior against Plaintiff in

the course of Defendant's attempt to collect a debt:

> (1) The federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et*
>
> *seq.* (hereinafter "FDCPA")
>
> (2) Invasion of Privacy by Intrusion upon Seclusion

## II. JURISDICTION

2.    The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a

"federal question" pursuant to 28 USC § 1331.  This court has supplemental jurisdiction

28538

over the Oregon State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3.      Plaintiff, Amy Daley ("Plaintiff"), is a natural person residing in Polk County, Oregon.

4.      Defendant, A & S Collection Associates, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.      All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.      Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff.  Included amongst these actions are the following, which amount to violations under various federal and state laws:

      a)  Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening legal action if debt was not paid at 2 pm on June 23, 2009, and threatening to take legal action on a debt for which the applicable limitations period had expired (§ 1692e(5));

      b)  Communicating or threatening to communicate credit information which is known or which should be known to be false, including reporting a false

date of delinquency to a credit reporting agency in an attempt to re-age Plaintiffs debt (§ 1692e(8));

c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including reporting a debt to a credit reporting agency after the 7 ½ year reporting period pursuant to the FCRA had expired (§ 1692f)).

9.      As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10.     Defendant intended to cause, by means of the actions detailed in paragraph 8, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11.     Defendant's actions, detailed in paragraph 8, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12.     Defendant's actions, detailed in paragraph 8, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13.     To the extent Defendant's actions, detailed in paragraph 8, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14.     Plaintiff reincorporates by reference all of the preceding paragraphs.

## COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

15.    Plaintiff reincorporates by reference all of the preceding paragraphs.

16.    Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA

B.    Actual damages pursuant to 15 USC 1692k and the Common Law of Oregon;

C.    Statutory damages pursuant to 15 U.S.C. § 1692k and punitive damages pursuant the Common Law of Oregon.

D.    Punitive Damages

E.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Oregon; and,

F.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 11th day of August, 2009.

By: _____
Joshua Trigsted
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff