IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

Amy Daley,

                Plaintiff,                    CV-09-946-ST

        v.                              OPINION AND ORDER

A & S Collection Associates, Inc.,

                Defendant.

STEWART, Magistrate Judge:

**<u>INTRODUCTION</u>**

      Plaintiff, Amy Daley (formerly Amy Wall), alleges claims against defendant, A & S

Collection Associates, Inc. ("A & S"), for four violations of the Fair Debt Collection Practices

Act, 15 USC § 1692, *et seq* ("FDCPA"), and for Invasion of Privacy by Intrusion upon Seclusion

arising from A & S's attempt to collect a debt from her.  Daley moves for partial summary

judgment on two violations of the FDCPA based on 15 USC §§ 1692e(8) and 1692f (docket

1 - OPINION AND ORDER

# 21).  A & S moves for summary judgment in its favor on all of Daley's claims (docket # 25) and for leave to amend its Answer (docket #29).

All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).  For the reasons set forth below, the summary judgment motions are granted in part and denied in part, and A & S's motion to amend is denied.

## **STANDARDS**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  FRCP 56(c).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  *Celotex Corp. v. Catrett*, 477 US 317, 323 (1986).  On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party.  *Universal Health Services, Inc. v. Thompson*, 363 F3d 1013, 1019 (9th Cir 2004).

## **FACTS**

In 1997, Daley, together with her parents, hired Tom Jones Photographers ("Photographers") to take graduation photos.  Plaintiff's Ex. B, p. 1; Defendant's Ex. G, p. 1.  On September 25, 1997, the Photographers sent Daley a bill for $408.00.  Plaintiff's Ex. B, p. 1.  On September 30, 1997, Daley paid the Photographers $50.00.  Plaintiff's Ex. C, p. 1.  On

October 14, 2002, and again on May 4, 2004, someone[1] paid $10.00 and $20.00 respectively on the debt.  *Id.*  No other payments were made on the debt.  *Id.*

On Saturday, April 18, 2009, the Photographers faxed A & S a debt information form to initiate debt collection on the Daley account.  Brown Aff., ¶ 3 & Ex. A, p. 1.  That form listed the "principal amount due" as $433.35 and the "valid interest charge" as $4,870.25, described the "type of purchase" as "senior photographs," and set forth the "purchase date / last pay date" as "7/25/97; last paymt [*sic*] 5/4/04."  *Id.*  Nevertheless, at that time, A & S concluded that "[t]he date incurred was provided as 5/4/04."  *Id*, ¶ 2(C).  On Monday, April 20, 2009, the Daley account was formally "placed for collection" with A & S.  *Id*, ¶ 2(A).

A & S has a "standard procedure" that "45 days after the account is placed for collection and is not resolved, it is automatically reported to the credit bureau Equifax."  *Id*, ¶ 4.  In this case, A & S reported the debt to Equifax on June 19, 2009, which apparently then placed the debt on Daley's credit report.  *Id*, ¶ 3.  On June 23, 2009, Daley received an email from ScoreWatch, an Equifax service, noting changes to her credit report which decreased her FICO score by 41 points.  Plaintiff's Ex. F, p. 1.  It  stated that A & S was hired by an unnamed creditor to collect an unpaid debt with both the "Original balance" and "Current balance" of $5,434.00, "First delinquency: 5/1/2004" and "Last payment: Not on Record."  *Id*, p. 2.  At that time, Daley was in the midst of trying to buy a house.  Brown Aff., Ex. H, p. 2.

On June 23, 2009, Daley called A & S, alerting it that her debt was from 1997 and requesting that A & S provide proof of the debt.  *Id.*  On June 29, 2009, Daley requested proof of

[1] Daley represents that her aunt made these payments, but submits no evidence to support that statement.

the debt in writing.  *Id.*  On July 1, 2009, A & S received additional documents from the

Photographers verifying that the debt was incurred in 1997.  *Id.*, Ex. B, p. 1 & Ex. G.

A & S maintains that "[a]ny misreporting was unintentional and any error was

subsequently removed."  *Id*, ¶ 3.  The A & S account notes, however, do not show when the

report was removed from Equifax.  *Id*, Ex. H.

## DISCUSSION

I.    **Fair Debt Collection Practices Act Claims**

The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses."  15 USC § 1692.  In addition, it is designed "to

provide information that helps consumers to choose intelligently" in dealing with their debts.

*Donohue v. Quick Collect, Inc.*, 592 F3d 1027, 1033 (9th Cir 2010), quoting *Hahn v. Triumph

P'ships LLC*, 557 F3d 755, 758 (7th Cir 2009).  If a violation occurs, "the FDCPA is a strict

liability statute that makes debt collectors liable for violations that are not knowing or

intentional."  *Id* at 1030.

Daley alleges that A & S violated four separate provisions of the FDCPA, namely 15

USC §§ 1692e(5), 1692e(8), 1692f, and 1692e(10).  Daley seeks partial summary judgment only

as to two violations under 15 USC §§ 1692e(8) and 1692f, but A &S seeks summary judgment

against all four violations.

///

///

**A.**    **15 USC § 1692e(8)**

Daley seeks summary judgment on her claim that A & S violated 15 USC § 1692e(8) by "[c]ommunicating or threatening to communicate credit information which is known or which should be known to be false, including reporting a false date of delinquency to a credit reporting agency in an attempt to re-age [her] debt." First Amended Complaint, ¶ 8(b). This allegation tracks the language of 15 USC § 1692e(8) which provides that a debt collector violates the FDCPA by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false."

This violation requires that the communication be material. *Donahue*, 592 F3d at 1033. A communication is material if it contributes to or undermines the FDCPA's objective of "provid[ing] information that helps consumers to choose intelligently." *Id.* "If the least sophisticated debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act." *Guerrero v. RJM Acquisitions LLC*, 499 F3d 926, 934 (9th Cir 2007), citing *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F2d 1222, 1225 (9th Cir 1989). Although the Ninth Circuit has not addressed the issue, other circuits have held that the communication need not be directed at the debtor in order to be actionable because the FDCPA "do[es] not designate any class of persons . . . who can be abused, misled, etc., by debt collectors with impunity." *Evory v. RJM Acquisitions Funding LLC*, 505 F3d 769, 773 (7th Cir 2007); *cf Guerrero*, 499 F3d at 935-36 (holding that a letter to debtor's attorney is not a prohibited collection effort under 15 USC §§ 1692g(b) or 1692e).

A & S admits that it is a debt collector under the FDCPA. Daley argues that by reporting to Equifax that the debt was first delinquent in 2004 and that the date of last payment was

unknown, A & S made a false communication to Equifax under 15 USC § 1692e(8).  A & S

responds that this claim is nothing more than a disguised Fair Credit Reporting Act ("FCRA")

claim which Daley has no standing to bring.

The FCRA creates civil liability for willful and negligent noncompliance by a consumer

reporting agency, user, or furnisher of consumer credit information.  15 USC §§ 1681(n)-(o) &

(s)(2).  Under the FCRA, Equifax is a consumer reporting agency and A & S is a furnisher of

consumer credit information. 15 USC §§ 1681a(f); *Nelson v. Chase Manhattan Mortgage Corp.*,

282 F3d 1057, 1059 (9th Cir 2002).

The FCRA permits collection agencies, such as A & S, to report debts to credit bureaus

only within seven years and 180 days of the date of delinquency. 15 USC § 1681c(a)(4).  The

FDCPA does not contain provisions that explicitly address delinquency dates.  A & S reported

Daley's debt to Equifax more than seven years after it became delinquent.  Therefore, according

to A & S, if it wrongfully reported a stale debt to Equifax, it violated the FCRA, but not the

FDCPA.  However, that violation under the FCRA is not one for which a consumer has a right of

action.

Under the FCRA, A & S may be held liable to a consumer only if it receives notice of

disputed information from a credit reporting agency and fails to properly conduct an

investigation and report the results of its investigation to the credit reporting agency.  15 USC

§ 1681s-2(b); *Nelson*, 282 F3d at 1059.  The FCRA does not permit a private right of action

against a furnisher of information to enforce any other violation.  Instead, it only permits a

private right of action against a furnisher of information for failing to comply with its duties after

a debt is disputed as set forth in 15 USC § 1681s-2(b).  Because Daley does not allege that she

disputed the wrongly reported information by A & S to Equifax under 15 USC § 1681s-2(b), she

cannot sue A & S under the FCRA.  Therefore, according to A & S, she is improperly attempting

to bootstrap an alleged violation by A & S under the FCRA, for which she has no standing to sue

A & S, into a claim against A & S under the FDCPA.

   This line of reasoning is flawed for a number of reasons.  First, the FCRA does not

provide that it is the exclusive remedy when a debt collector furnishes false information to a

credit bureau.  Even if a consumer cannot sue a furnisher of information under the FCRA,

nothing forbids a consumer from suing a debt collector under the FDCPA.  Second, Daley's

claim is not based on A & S reporting a debt to Equifax that was more than seven years old.

Instead, her claim is based A & S reporting *false information* to Equifax.  It is true, and A & S

was likely aware, that had it reported the delinquency date as 1997, Equifax would not have

reported it on Daley's credit report because it was older than seven years.  Daley's claim is based

on the falsity of A & S's communication to Equifax, not on a violation of the seven and a half

years rule under the FCRA.  Therefore, Daley's claim is not a forbidden FCRA claim in disguise.

   A & S argues further that it is not liable because the misreporting to Equifax was a bona

fide error.  Pursuant to 15 USC § 1692k(c), a debt collector is not liable if it "shows by a

preponderance of evidence that the violation was not intentional and resulted from a bona fide

error notwithstanding the maintenance of procedures reasonably adapted to avoid any such

error."

   A & S maintains that it reasonably relied on the limited information transmitted to it by

the Photographers indicating that the last payment was made on the debt on May 5, 2004, and

without identifying the date of delinquency.  This argument is disingenuous.  It is undisputed

that the debt information form transmitted by the Photographers to A & S on April 18, 2009, reported the "purchase date / last pay date" as "7/25/97; last paymt [*sic*] 5/4/04." No reasonable person could interpret this notation to mean that the debt was incurred in 1997 and the last payment was made in 2004. In addition, A & S has submitted no evidence of its procedures to avoid furnishing inaccurate delinquency dates to credit bureaus. Therefore, A & S cannot avail itself of the bona fide error defense.

It is undisputed that on April 18, 2009, the Photographers faxed A & S a debt information form containing accurate information regarding the date of delinquency and last payment date of the debt and that on June 19, 2009, A & S furnished different and false information to Equifax. A & S does not contest that its communication to Equifax was material, nor could it since the communication affected Daley's ability to choose intelligently how to handle her debt situation. Thus, no genuine issue of material fact exists that A & S violated 15 USC § 1692e(8) when it communicated credit information to Equifax which it knew or should have known to be false. Accordingly, Daley's motion for summary judgment as to liability on her claim for violation of 15 USC § 1692e(8) is granted, and A & S's motion for summary judgment on this claim is denied.

**B.    15 USC § 1692e(10)**

A & S seeks summary judgment against Daley's last FDCPA claim that A & S violated 15 USC § 1692e(10) by "[u]sing false representations and deceptive practices in connection with collection of an alleged debt from [her], including representing to [her] on June 23, 2009, that [A & S] had evidence that the debt did not arise in 1997, where [A & S] had no such evidence." First Amended Complaint, ¶ 8(d). This allegation tracks the language of 15 USC § 1692e(10)

which forbids "the use of any false representation or deceptive means to collect or attempt to collect any debt."  Although this claim is similar to Daley's claim for a violation of 15 USC § 1692e(8), she does not seek summary judgment on this claim.

In support of its motion, A & S argues that this claim is a disguised FCRA claim for which Daley has no standing to sue and that, in any event, it is entitled to the bona fide error defense.  For the same reasons stated above with respect to the alleged violation of 15 USC § 1692e(8), those arguments are rejected.  Accordingly, A & S's motion for summary judgment on Daley's claim for violation of 15 USC § 1692e(10) is denied.

### C.    <u>15 USC § 1692f</u>

Daley also seeks summary judgment on her claim that A & S violated 15 USC § 1692f by "[u]sing unfair or unconscionable means against [her] in connection with an attempt to collect a debt, including reporting a debt to a credit reporting agency after the 7 ½ year reporting period pursuant to the FCRA had expired."  First Amended Complaint, ¶ 8(c).  This allegation tracks the language of 15 USC § 1692f  which prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

The statute does not define "unfair" or "unconscionable."  However, it lists eight explicit violations which broadly relate to amounts that may be collected, mishandling payments, coercing or threatening consumers, manners of unacceptable collection, and deceiving consumers.  According to Daley, a major theme of the case law interpreting 15 USC § 1692f is that it includes violations by a debt collector of other laws designed to serve the interest of fairness.  Since A & S violated the FCRA, 15 USC § 1681c(a)(4), by reporting the debt more than seven and a half years after it was first delinquent, Daley reasons that A & S necessarily

violated 15 USC § 1692f.  However, she submits no case law directly on point.  Once again, A & S responds that Daley's claim is really a FCRA claim in disguise.  That argument is more persuasive here.

In the Ninth Circuit, unlike some cases cited by Daley outside the Ninth Circuit, violations of other federal laws that provide remedial measures do not violate the § 1692(f) prohibition on unfair and unconscionable means to collect or attempt to collect a debt.  For example, in *Walls v. Wells Fargo Bank, N.A.*, 276 F3d 502, 510 (9th Cir 2002), a debtor filed for bankruptcy and listed a pre-petition obligation of $118,000.00 to the bank, secured by her house.  Despite the bankruptcy, the debtor continued to pay the debt, and the bank continued to solicit and collect payments on the debt.  In doing so, the bank allegedly violated "11 USC § 524, which provides that discharge under Title 11 of the Bankruptcy Code operates as an injunction against collecting debt as a personal liability of the debtor."  *Id* at 504.  But 11 USC § 524 does not itself create a private cause of action.  *Id* at 510.  The debtor argued that the bank's violation of 11 USC § 524 constituted an unfair and unconscionable means to collect or attempt to collect a debt under § 1692(f).  The Ninth Circuit, however, held:  "To permit a simultaneous claim under the FDCPA would allow through the back door what [the debtor] cannot accomplish through the front door-a private right of action."  *Id* at 510.  The court reasoned that 11 USC § 504 already contained its own remedial measures, and "[n]othing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA."  *Id.*

The same reasoning refutes Daley's theory that a violation of the FCRA constitutes an unfair or unconscionable debt collection activity under the FDCPA.  As discussed above, the

10 - OPINION AND ORDER

FRCA provides remedial measures for violations of the seven and a half year rule in 15 USC § 1681s-2(b). Nothing in the FCRA suggests that a violation of 15 USC § 1681s-2(b) would give rise to a cause of action under another section of the United States Code. Likewise, nothing in the FDCPA suggests that Congress intended to create a new cause of action for FCRA violations through the enactment of the FDCPA.

Furthermore, the false report by A & S to Equifax did not deprive Daley of any right as a debtor. She did have an unpaid debt. Given the age of the debt, she could have disputed its reporting to Equifax and required a correction of her credit report, but failed to do so. Her claim is premised not on an attempt by A & S to collect a debt knowing that it was barred by the statute of limitations, but instead is based on A & S's knowledge that the reporting period for the debt under the FCRA had expired.

Therefore, Daley's motion for summary judgment on her claim for violation of 15 USC § 1692f is denied, and A & S's motion for summary judgment on this claim is granted.

**D.**    **15 USC § 1692e(5)**

A & S seeks summary judgment against all of Daley's claims, including her claim that A & S violated 15 USC § 1692e(5) by "[t]hreatening to take an action against [her] that cannot be legally taken or that was not actually intended to be taken, including threatening legal action if debt was not paid at 2 pm on June 23, 2009, and threatening to take legal action on a debt for which the applicable limitations period had expired." First Amended Complaint, ¶ 8(a). This allegation tracks the language of 15 USC § 1692e(5) which prohibits threats "to take any action that cannot legally be taken or that is not intended to be taken." Daley does not seek summary judgment on this claim given material issues of fact as to whether the threat was made.

A & S argues that this claim fails because the applicable limitations period had not

expired.  The applicable limitations period under Oregon law is six years.  ORS 12.080.

However, a payment made before expiration of this limitations period "resets" the statute of

limitations from the date of the last payment.  ORS 12.240; *Estate of Culver v. Andres*, 26 Or

App 809, 811, 554 P2d 541, 542 (1976).  The Photographers received payments on Daley's debt

on October 24, 2002, and May 4, 2004.  However, an issue of fact exists whether Daley or her

aunt, who was uninvolved with incurring the debt, made the payments in 2002 and 2004.  The

record does not reveal who made those payments.  "[I]n order to have th[e] effect [of

establishing a new point in time from which the statute shall run], the payment must have been

made by some one who is authorized to consent to the continuation of the original liability."

*Dundee Mortgage & Trust Inv. Co. v. Horner*, 30 Or 558, 563, 48 P 175, 177 (1897).  Daley's

aunt was not such a person.  "[Sh]e was in no way liable upon the original debt, and had no

interest in the [services rendered] at the time the payments were made, and therefore no act of

h[ers] could be deemed an admission of a continuing liability."  *Id.*  A genuine issue of material

fact exists as to who made the payments in 2002 and 2004 and, thus, whether ORS 12.040

applies.

Even if  ORS 12.240 applies, Daley argues that A & S has mischaracterized her claim.

Instead of depending on the premise that the debt was time-barred in 2009, she claims that it is

based on a threat to file suit when filing suit was no longer allowed under Oregon law.  That

argument is fatuous. The only reason suit would no longer be allowed under Oregon law is

expiration of the statute of limitations.  Whether A & S "threaten[ed to take an action against

[her] that cannot be legally taken" depends entirely on whether the debt was time-barred.

Daley makes another point that, even if the debt was not time-barred, she also alleges that A & S threatened to take legal action that it did not actually intend to take. Yet the only support she provides for this allegation is that A & S has not yet sued her. According to the record, the parties were discussing settlement in June and July 2009. There would be no reason for A & S to sue Daley while engaged in settlement negotiations with her. Then Daley filed this suit on August 14, 2009, beating A & S to the courthouse door. Based on this sequence of events, no reasonable person could conclude that A & S threatened to take legal action without the requisite intent simply because it has not yet sued Daley. However, a dispute still exists as to A & S's intent at the time it initially contacted Daley and allegedly threatened suit over a debt arising in 1997.

Therefore, A & S is not entitled to summary judgment with respect to the allegation that it violated 15 USC § 1692e(5)..

## II.    Invasion of Privacy by Intrusion Upon Seclusion

Although A & S seeks summary judgment against all of Daley's claims, it entirely fails to address her claim alleging invasion of privacy by intrusion upon seclusion. Therefore, the court declines to grant summary judgment in its favor on that claim.

## III.    Motion to Amend Answer

A party may amend its pleading once as a matter of course before a responsive pleading is served and thereafter by leave of the court. FRCP 15(a). "It is well established that the allowance or refusal to permit amendment lies in the discretion of the district court." *Komie v. Buehler Corp.*, 449 F2d 644, 647 (9th Cir 1971). "Common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party, is unduly delayed, is not

offered in good faith, or that the party has had sufficient opportunity to state a claim and has failed." *Id* at 647-48.

A & S seeks leave to amend its Answer to include an affirmative defense for offset and a counterclaim for breach of contract. A & S explains that it did not seek to include the affirmative defense and counterclaim at an earlier date because it first sought to determine whether there was any factual basis for Daley's statute of limitations argument and now, after discovery, has concluded that her debt remains collectible.

Again, A & S's argument is disingenuous. In its Answer, Affirmative Defenses and Counterclaims filed on October 8, 2009, A & S alleged a Fifth Affirmative Defense that the "debt is not time barred" and that "under ORS 12.080 actions on contracts, implied contracts or quasi-contracts shall be commended [*sic*] within six years." Answer, ¶¶ 13, 15. The defense is based on the theory that the statute of limitations begins to run from the date of the last payment which, in this case, was made in 2004. This is exactly the same argument that A & S makes in its motion to amend.

Since A & S included this defense in its initial Answer, clearly it was not, as it claims, waiting for discovery in order to ascertain whether the statute of limitations actually barred collection of the debt. Despite A & S's knowledge regarding the statute of limitations, it waited until after the filing of cross motions for summary judgment to seek leave to amend its answer. Accordingly, this court declines to permit amendment based on A & S's undue delay and lack of good faith.

///

///

14 - OPINION AND ORDER

## **ORDER**

For the reasons discussed above, Daley's Motion for Partial Summary Judgment (docket #21) is granted as to liability on her claim for violation of 15 USC § 1692e(8) and denied as to her claim for violation of 15 USC § 1692f.  In addition, A & S's Motion for Summary Judgment (docket #25) is granted as to Daley's claim for violation of 15 USC § 1692f  and otherwise denied, and its Motion to Amend Answer (docket #29) is denied.

DATED this 7th day of June, 2010.


                                        s/ Janice M. Stewart_____
                                        Janice M. Stewart
                                        United States Magistrate Judge