Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AMY DALEY**, | |
| Plaintiff, | Case No. 09-cv-946-ST |
| vs. | |
| **A & S COLLECTION ASSOCIATES, INC.**, | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| Defendant | |

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER 1
(Nature of the Action and Legal Definitions)

Plaintiff brings this action against Defendant, in part, based on 15 U.S.C. § 1692, et seq., commonly known as the Fair Debt Collection Practices Act, which for convenience, I may refer to as the "FDCPA."

The FDCPA originally enacted by Congress became effective on March 20, 1978, it was amended and broadened in 1986, and amended again in 1996.  In passing the FDCPA, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices."  Congress explicitly found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  To this end, the FDCPA expressly prohibits debt collectors from engaging in numerous specific acts or practices and also

mandatorily requires debt collectors in attempting to collect consumer debts for others to affirmatively perform specific acts.

The FDCPA defines a "debt collector" to include any person who uses any instrumentality of interstate commerce, the mails in any business, the principle purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another. The FDCPA also defines a "debt collector" to include any person who regularly collects a debt owed to another. Defendant is a "debt collector" within the meaning of the FDCPA.

The FDCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment. The obligation which Plaintiff is alleged to owe is a "debt" within the meaning of the FDCPA.

The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt. Plaintiff is a "consumer" within the meaning of the FDCPA.

*15 U.S.C. § 1692a.*

### PLAINTIFF'S PROPOSED JURY INSTRUCTION
### NUMBER 2
### (Private Enforcement)

The FDCPA establishes a system of enforcement primarily by private attorneys general. This means that the government need not bring every prosecution to seek compliance with the FDCPA. Rather, a private attorney, like Plaintiff's attorney here, may properly seek to enforce Defendant's compliance with the FDCPA and impose a statutory penalty against a debt collector such as Defendant. In the same action, like this lawsuit, a private attorney may seek damages for his or her client. In this action, Plaintiff, in fact, seeks both statutory penalties and damages.

*15 U.S.C. §1692k; Russey v. Rankin,* 837 F. Supp. 1103, 1105 (D. N.M. 1993); *Whatley v. Universal Collection Bureau, Inc.,* 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).

### PLAINTIFF'S PROPOSED JURY INSTRUCTION
### NUMBER 3
### (Strict Liability)

The FDCPA is a strict liability statute. "Strict liability" is a legal term. In this context, it means that Plaintiff need *not* prove that Defendant acted with malice, intent or with the purpose of harming Plaintiff. Strict liability means that Plaintiff need *not* even prove that Defendant violated the law through it negligence or carelessness. Plaintiff need only show that Defendant's conduct resulted in what the law does not permit. Even if you find that Defendant was reasonably prudent in its conduct, it is liable to Plaintiff if it violated any one provision of the FDCPA, even if it is a purely technical violation.

Because the FDCPA is a strict liability statute, proof of a single violation is sufficient to support a finding in favor of Plaintiff, and against Defendant, rendering Defendant liable to Plaintiff for damages.

*Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F. 3d 60, 63 (2d. Cir. 1993); *Baker v. G.C. Services Corp.*, 677 F. 2d 775, 780 (9th Cir. 1982); *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 725 (D. Conn.1990); *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER 4
(Obligation to Pay the Debt Does Not Affect Liability Under FDCPA)

Whether or not the Plaintiff owes the debt alleged to be due a creditor is not a factor in this proceeding. Even if the Plaintiff does owe this obligation, Defendant must comply in all respects with the FDCPA. Therefore, you may not consider whether or not the Plaintiff is indebted to a creditor when determining whether Defendant violated the FDCPA.

*Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982), citing 123 Cong. Rec. 10241 (1977).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER 5
(Plaintiff's Contentions)

Plaintiff contends that the Defendant violated the FDCPA in the following ways:

(1)   In a conversation with Plaintiff over the telephone, Defendant threatened that it would sue Plaintiff, where Defendant had no actual intent to sue and in fact could not lawfully take legal action because the limitations period on such action in Oregon had expired, in violation of 15 U.S.C. § 1692e(5);

(2)   Defendant represented to Plaintiff on June 23, 2009, that Defendant had evidence that the debt did not arise in 1997, where Defendant had no such evidence and where the debt did in fact arise in 1997 (§ 1692e(10)).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER 6
(False or Misleading Representations)

Section 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken;

A debt collector may not state or imply that he or any third party may take any action unless such action is legal and there is a reasonable likelihood, at the time the statement is made, that such action will be taken. The threatened action does not need to be both illegal and unlikely to occur. If the action threatened is either unlawful or unlikely to actually occur, the collector has violated the FDCPA by threatening to take that action. If the debt collector has reason to know there are facts that make any action unlikely in the particular case, a statement that the action was possible is to be considered misleading. A debt collector need not specifically threaten an action. If the threat is effectively implied by Defendant's other words or actions, Defendant has made the threat.

In this case, the Court has already established that, as a matter of law, Defendant could not lawfully file suit against Plaintiff for the debt during any of the time periods during which Plaintiff has alleged that conversations took place with Defendant during the year 2009. Therefore, if you find that that Defendant did in fact threaten Plaintiff with legal action on the debt in the year 2009, you must also find that Defendant violated the FDCPA in making that threat.

*15 U.S.C. § 1692e*; *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006); *Pipiles v. Credit Bureau, Inc.*, 886 F.2d 22, 25-26 (2d Cir. 1989); *Crossley v. Lieberman*, 868 F.2d 566, 571 (3d Cir. 1989); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1227-1228 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177-1178 (11th Cir. 1985); 53 Fed. Reg. 50106. (emphasis added). JA-33 at 56.

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER 7
(Violations of the FDCPA Are Measured by the "Least Sophisticated Debtor" Standard)

In determining whether the Defendant violated any section of the FDCPA you are to apply the "least sophisticated debtor" standard. The FDCPA was not enacted for the protection of experts, but for the public--that vast multitude which includes the ignorant, the unthinking and the credulous, and the fact that a false or misleading statement may be obviously false or misleading to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. Thus, in reaching your determination of whether Defendant's communications are false or deceptive you must view them through the eyes of the "least sophisticated debtor."

*Gonzalez v. Kay*, 577 F. 3d 600 (5th Cir. 2009); *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006); *Schweizer v. Trans Union Corp.*, 136 F.3d 233 (2d Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-1227 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-1175 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER 8

(Violations Resulting From Harassment And Abuse Are Measured From The Perspective Of A Consumer Whose Circumstances Makes Him Relatively More Susceptible To Harassment, Oppression, Or Abuse)

Whether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication; rather, such susceptibility might be affected by other circumstances of the consumer or by the relationship between the consumer and the debt collection agency.  For example, a very intelligent and sophisticated consumer might well be susceptible to harassment, oppression, or abuse because he is poor (*i.e.,* has limited access to the legal system), is on probation, or is otherwise at the mercy of a power relationship.  Claims under section 1692d of the FDCPA should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse.

*Jeter v. Credit Bureau, Inc*., 760 F. 2d 1168, 1179 (11th Cir. 1985).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER 9
(Actual Damages)

The FDCPA specifically permits damages to be awarded against a debt collector who violates the FDCPA.

Actual damages may be awarded to the Plaintiff as a result of the failure of Defendant to comply with the FDCPA.  Actual damages not only include any out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress.  You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.  Plaintiff need not present evidence from an expert in order to recover emotional distress damages.  Plaintiff does not need to present medical bills or any other physical evidence in order to recover emotional distress damages.

In this case, Plaintiff has already proven that Defendant violated the FDCPA by reporting a debt that was too old to be lawfully reported.  Do not attempt to draw any conclusions about whether this action was a violation or about what the purpose of that law might be.  Your task with respect to determining damages for this violation is simply to determine whether Plaintiff was damaged in any way by the fact that Defendant submitted the information to Plaintiff's credit report.  Damage for this specific violation may come in the form of emotional damages or economic loss, or both.  Plaintiff need not prove

*Gonzalez v. Kay*, 577 F. 3d 600 (5th Cir. 2009); *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1990); *In re Maxwell*, 281 B.R. 101 (Bankr. D. Ma. 2002); *In re Littles*, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).

PLAINTIFF'S PROPOSED JURY INSTRUCTION<br>NUMBER 10<br>(Statutory Damages)

Congress' findings and declarations of purpose underlying the FDCPA are as follows:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

To promote these purposes, the FDCPA provides that any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person, in addition to actual damages, in an amount not to exceed $1,000.00.

Unlike an award for actual damage suffered, which directly relates to the harm suffered by Plaintiff, an award of statutory damages is to be based upon Defendant's conduct. Congress deemed statutory damages proper under the FDCPA because actual damages are often non-existent or difficult to determine. In other words, statutory damages under the FDCPA are pre-established damages determined appropriate by Congress for any single violation of the FDCPA.

15 U.S.C. § 1692a,k(b)(1); *Gonzalez v. Kay*, 577 F. 3d 600 (5th Cir. 2009); *Kobs v. Arrow Service Bureau, Inc.,* 134 F.3d 893 (7th Cir. 1998); *Robertson v. Horton Bros. Recovery, Inc.*, 2007 WL 2009703 (D. Del. 2007); *Boyce v. Attorney's Dispatch Serv.*, 1999 U.S. Dist. LEXIS 1124 (S.D. Ohio Feb. 2, 1999); *Carn v. Med. Data Sys.*, 2007 Bankr. LEXIS 1334 (Bankr. M.D. Ala. Apr. 5, 2007); *In re Cambron*, 2007 WL 1076685 (Bankr. M.D. Ala. Apr. 5, 2007); *In re Littles*, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).

Dated this 30th day of September, 2010.

By: /s/Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff